PER CURIAM.*
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael J. Bonnette, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
On July 18,1989, Eleanor Westmoreland retained respondent to handle a succession matter. Respondent neglected the matter, failed to comply with his client’s requests for information concerning the status of the matter, and failed to respond to his client’s telephone calls and correspondence.
In May 1995, Ms. Westmoreland filed a complaint with the Office of Disciplinary Counsel (“ODC”). At that time, respondent admitted that he had done only limited work in the matter, but promised that he would take steps to move the succession forward. In 1996, respondent again told the ODC that he would take steps to complete the succession. Based on this information, the ODC closed its file on the complaint in October 1996.
Thereafter, respondent failed to take the steps he had promised, and in October 1998, Ms. Westmoreland filed a second complaint with the ODC. Respondent failed Uto answer the complaint, and despite being personally served with a subpoena, he failed to appear to give a sworn statement in the matter.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent, alleging that his conduct in the West-moreland matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with diligence and promptness in representing *69 a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held, and the matter was submitted to the hearing committee solely on documentary evidence. See Supreme Court Rule XIX, § 11(E)(3).

Hearing Committee Recommendation

Finding the formal charges were deemed admitted and thus proven by clear and convincing evidence, the hearing committee turned to the issue of the appropriate sanction. The committee noted that respondent violated duties owed to his client, the profession, and the legal system, and that his misconduct was knowing, if not intentional. Considering the ABA’s Standards for Imposing Lawyer Sanctions[1] and lathe prior jurisprudence of this court,[2] the committee determined that the baseline sanction is a suspension. The committee found no mitigating factors are present, but noted several aggravating factors, including respondent’s prior disciplinary record[3] and substantial experience in the practice of law (admitted 1977). In light of these considerations, the committee recommended that respondent be suspended from the practice of law for one year and one day, followed by a one-year period of probation.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the board found the committee’s findings of fact are not manifestly erroneous, and that the committee correctly applied the Rules of Professional Conduct. The board agreed respondent knowingly, if not intentionally, violated a duty owed to his client, the profession, and the legal system. Moreover, the board found respondent’s conduct in neglecting his client’s legal matter caused serious potential injury, and that the legal system suffered actual harm by respondent’s failure to cooperate with the disciplinary investigation. The board adopted the aggravating factors recognized by the hearing committee, and agreed that there are no mitigating factors present.
*70 |4In light of these findings and the prior jurisprudence,[4] the board suggested that at a minimum, respondent should be suspended from the practice of law for a period of one year. However, given respondent’s “utter disregard for the disciplinary process,” the board felt that respondent should be suspended for a longer period and required to apply for reinstatement to the practice of law. Accordingly, the board recommended the imposition of a one year and one day suspension, followed by a one-year period of supervised probation. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board that respondent knowingly, if not intentionally, neglected his client’s succession matter, failed to communicate with his client, and failed to cooperate with the ODC in its investigation. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends |Bupon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances..Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s actions caused harm to Ms. Westmoreland by delaying completion of the succession matter for which she retained him. Moreover, we are particularly disturbed by the fact respondent continued to neglect the matter after representing to the ODC that he would complete it in a timely fashion.
At least two aggravating factors are present, including respondent’s prior discipline for similar conduct and his substantial experience in the practice of law. We are unable to discern any mitigating factors from the record.
Under these facts, we find a one year and one day suspension (which will necessitate an application for reinstatement), combined with a period of probation, is an appropriate sanction which will deter any future misconduct by respondent and protect the public. Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day, to be followed by a one-year period of supervised probation.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Michael J. Bonnette be suspended from the practice of law in Louisiana for one year and one day, followed by a one-year period of supervised probation. All costs *71 and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client (Standard 4.42), and when a lawyer knowingly violates a duty owed to the profession and causes injury or potential injury to the client, the public, or the legal system (Standard 7.2).

. The committee found that In re: Hollis, 98-0444 (La.6/19/98), 714 So.2d 693, is relevant. In Hollis, the attorney was suspended from the practice of law for one year, followed by a year of supervised probation, for neglecting a legal matter, failing to communicate with his client, and failing to cooperate with the ODC.

. Respondent was admonished in 1999 for misconduct in violation of Rules 1.4 (failure to communicate with a client), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). In addition, though he is currently a member in good standing of the Louisiana State Bar Association, respondent has a history of ineligibility to practice law for failure to comply with his professional obligations. He was declared ineligible in 1995, 1996, 1997, and 1998 for non-payment of bar dues; in 1998 for nonpayment of the disciplinary assessment; and in 1997, 1998, and 1999 for non-compliance with mandatory continuing legal education requirements.

. Like the hearing committee, the board found Hollis persuasive. In addition, the board considered In re: Harris, 99-1828 (La.9/17/99), 745 So.2d 1172, in which the attorney was suspended for one year and one day for misconduct substantially similar to that at issue here.