ATTORNEY DISCIPLINARY PROCEEDINGS
I .PER' CURIAM.
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Vincent Blanson, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In August 1999, Patricia Clark retained respondent to file a personal injury suit on her behalf. Respondent neglected the matter and failed to comply with his client’s requests for information concerning the status of the matter, forcing Ms. Clark to retain other counsel to file suit and protect her interests.
In June 2000, Ms. Clark filed a complaint against respondent with the ODC. Respondent failed to answer the complaint, necessitating the issuance of a subpoena by the ODC. Although respondent appeared pursuant to the subpoena, he asked that the matter be continued until he was able to retain counsel. He subsequently ignored the ODC’s requests to reschedule the matter. When respondent was personally served with a second subpoena, he failed to appear to give a sworn statement.
*127 DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent, alleging that his conduct in the Clark matter violated the following | ¡¡provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held, and the matter was submitted to the hearing committee solely on documentary evidence. See Supreme Court Rule XIX, § 11(E)(3).

Hearing Committee Recommendation

Finding the formal charges were deemed admitted and thus proven by clear and convincing evidence, the hearing committee turned to the issue of the appropriate sanction. Considering the ABA’s Standards for Imposing Lawyer Sanctions,[1] the committee determined that the baseline sanction for respondent’s misconduct is a suspension. The committee found no mitigating factors are present, but noted several aggravating factors, including bad faith obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and substantial experience in the practice of law (admitted 1984). In light of these considerations, the committee recommended that respondent be suspended from the practice of law for one year and one day.
IsNeither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board found the hearing committee’s findings of fact are not manifestly erroneous, and that the committee correctly applied the Rules of Professional Conduct. The board found respondent knowingly, if not intentionally, violated duties owed to his client and the profession. The board determined respondent’s conduct resulted in actual injury to his client by delaying the resolution of her legal matter when she had various medical bills outstanding, and that the legal system was harmed by respondent’s failure to cooperate with the disciplinary investigation. The board adopted the aggravating factors recognized by the hearing committee, with the exception of vulnerability of the victim, as to which there is no evidence. The board agreed that there are no mitigating factors present.
In light of these findings and the prior jurisprudence involving neglect of legal matters combined with failure to cooperate, the board suggested that respondent be suspended from the practice of law for a period of one year and one day. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
*128 Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
^DISCUSSION
The record supports the findings of the hearing committee and disciplinary board that respondent knowingly, if not intentionally, neglected his client’s personal injury matter, failed to communicate with his client, and failed to cooperate with the ODC. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s actions caused harm to Ms. Clark by delaying the legal matter for which she retained him. Respondent’s substantial experience in the practice of law is an aggravating circumstance, as is his intentional failure to cooperate with the ODC in its disciplinary investigation. We are unable to discern any mitigating factors from the record.
Under these facts, we find a one year and one day suspension is an appropriate sanction which will deter any future misconduct by respondent and protect the public. Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Vincent Blanson be 1 .^suspended from the practice of law in Louisiana for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to the client (Standard 4.42), and when a lawyer knowingly violates a duty owed to the profession and causes injury or potential injury to the client, the public, or the legal system (Standard 7.2).