LPER CURIAM.
This disciplinary matter arises from nine counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael J. Bonnette, an attorney licensed to practice law in the State of Louisiana, but currently suspended.[1]
UNDERLYING FACTS
Count I — The Jones Matter
In December 1996, respondent received $2,000 to file an appeal in a criminal case in which Randall Jones and two others were co-defendants. On December 30, 1996, respondent filed a “Motion for Out of Time Application for Writ of Review, Cer-tiorari and Mandamus,” but he thereafter took no further action on behalf of his clients. Respondent also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee.
In November 1997, Mr. Jones filed a complaint against respondent with the ODC. Respondent failed to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with La client), 1.5(f) (payment of fees in advance of services), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Count II — The Laffitte Matter
In October 1995, James Wilson Laffitte retained respondent to handle a civil matter on his behalf. Respondent subsequently became incapacitated,[2] but he *514 failed to withdraw from the representation and allowed Mr. Laffitte’s claim to prescribe. Nevertheless, in June 1996, respondent told Mr. Laffitte that he had received a settlement check on his behalf. Respondent failed to keep numerous appointments with Mr. Laffitte until December 9, 1997, when respondent advanced to Mr. Laffitte the sum of $500 by check drawn on his general account.
In December 1997, Mr. Laffitte filed a complaint against respondent with the ODC. Respondent failed to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.8(e) (providing financial assistance to a client), 1.16(a)(2) (declining or terminating representation where the lawyer’s physical or mental condition materially impairs the lawyer’s ability to represent the client), 8.1(c), 8.4(a), and 8.4(g).
_J¿Count III — The Smith Matter
In May 1996, Sharon Smith retained respondent to pursue a claim for damages stemming from an incident in which she claimed she had been falsely arrested. Respondent neglected the matter, and as a result, the claim prescribed. Respondent nevertheless advised Ms. Smith that the defendants had agreed to an out-of-court settlement. On January 18, 1998, respondent advanced to Ms. Smith the sum of $300 by check drawn on his general account.
In March 1998, Ms. Smith filed a complaint against respondent with the ODC. Respondent failed to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.8(e), 1.16(a)(2), 8.1(c), 8.4(a), and 8.4(g).
Count TV — The Vercher Matter
In June 1997, Ronnie Vercher retained respondent to file an appeal in a criminal case. Mr. Vercher paid respondent $2,097.05 toward his $3,000 fee, but respondent failed to complete the appeal and failed to communicate with his client. Respondent also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee.
In June 1998, Mr. Vercher filed a complaint against respondent with the ODC. Respondent failed to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f), 1.16(d), 8.1(c), 8.4(a), 8.4(c), 8.4(d), and 8.4(g).
14Count V — The Unauthorized Practice of Law Matter
On September 4, 1998, respondent was certified ineligible to practice law in Louisiana for non-payment of his 1998-1999 Louisiana State Bar Association membership dues.[3] On September 28, 1998, respondent handled two eases in the Winn-field City Court. In City of Winnfield v. Pepper, docket number 178-98, respondent moved for and was granted a continuance on behalf of the defendant. In City of *515 Winnfield v. Dingler; docket number 117-98, respondent entered a guilty plea to first offense DWI on behalf of the defendant.
By letter dated September 30, 1998, Winnfield City Judge Jacque Derr filed a complaint against respondent with the ODC. Respondent failed to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rules 1.16(a)(1) (declining or terminating a representation that will result in a violation of the Rules of Professional Conduct or other law), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5(a) (engaging in the unauthorized practice of law), 8.1(c), 8.4(a), 8.4(c), 8.4(d), and 8.4(g).
Count VI — The Howard Matter
In August 1998, James Howard paid respondent $1,250 to handle a child custody matter. Respondent neglected the matter and Mr. Howard terminated the representation six weeks later. However, respondent failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee.
|Jn September 1998, Mr. Howard filed a complaint against respondent with the ODC. Respondent faked to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath. During a sworn statement given on December 17, 1998, respondent acknowledged that he owed Mr. Howard a refund of $1,250, which he promised to mail that day. Respondent failed to refund the sum he had promised, however.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f), 1.15 (safekeeping property of clients or third persons), 1.16(d), 3.2 (failure to expedite litigation), 3.3 (candor toward the tribunal), 3.4(c), 8.1(c), 8.3(a) (reporting professional misconduct), 8.4(a), 8.4(b), 8.4(c), and 8.4(g).
Count VII — The Glass Matter
In February 1998, Barbara Glass paid respondent $2,500 to handle a criminal matter on behalf of her stepson. Respondent neglected the matter and performed no services on his client’s behalf. By letter dated July 2, 1998, respondent promised Ms. Glass that he would refund the entire amount she paid no later than July 15, 1998. In late July, Ms. Glass received $1,250 from respondent. When the balance of the fee was not forthcoming, Ms. Glass filed a complaint against respondent with the ODC.
During a sworn statement given on December 17, 1998, respondent advised the ODC that he had recently spoken to Ms. Glass, and he promised that he would promptly pay the $1,250 he owed her. However, respondent had not, in fact, spoken to Ms. Glass, and he has failed to refund the sum he promised.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f), 1.15, 1.16(d), | fi3.3, 8.1(a) (knowingly making a false statement of material fact in connection with a disciplinary matter), 8.1(c), 8.4(a), 8.4(b), 8.4(c), 8.4(d), and 8.4(g).
Count VIII — The Pittman Matter
In October 1997, Regina Pittman paid respondent $375 to handle an expungement on behalf of her son. Respondent neglected the matter and Ms. Pittman terminated the representation in December 1998. However, respondent failed to ac *516 count for any earned portion of the legal fee and failed to refund the unearned portion of the fee.
In March 1999, Ms. Pittman filed a complaint against respondent with the ODC. Respondent failed to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath. During a sworn statement given on July 13, 1999, respondent acknowledged his failure to complete the representation and promised that he would contact Ms. Pittman to resolve the matter. Respondent failed to do so, however.
The ODC alleges that respondent’s conduct in this matter violates the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f), 1.7(b) (conflict of interest), 1.15, 1.16(a), 1.16(d), 8.1(c), 8.4(a), 8.4(c), 8.4(d), and 8.4(g).
Count IX — The Leviston Matter
In June 1999, Pattie Leviston filed a complaint against respondent with the ODC. Respondent failed to answer the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
The ODC alleges that respondent’s conduct in this matter violates Rule 8.1(c) of the Rules of Professional Conduct.
^DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed nine counts of formal charges against respondent. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, and the matter was submitted to the hearing committee solely on the ODC’s documentary evidence. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After reviewing the record, the hearing committee concluded that respondent’s conduct violated the following Rules of Professional Conduct: Rule 1.3 and 1.4 (in the Jones, Laffitte, Smith, Vercher, Howard, Glass, and Pittman matters); 1.5(f) (in the Jones, Vercher, Howard, Glass, and Pittman matters); 1.16(a)(2) (in the Laf-fitte matter); 1.16(d) (in the Howard, Glass, and Pittman matters); 3.2 (in the Howard matter); 5.5(a) (in the unauthorized practice of law matter); 8.1(c) (in all counts); 8.4(a) (in all counts); 8.4(c) (in all counts); and 8.4(g) (in all counts).
The committee found that respondent violated duties owed to his clients by failing to act with reasonable diligence and promptness in his various representations, failing to keep his clients reasonably informed about the status of their cases, failing to comply with his clients’ requests for information, failing to provide account-ings for client funds, and failing to refund unearned fees. Respondent also violated a duty to the legal system by appearing in court while ineligible to practice law, and cavalierly ignored his duty to cooperate in the disciplinary investigations of the underlying complaints. The committee concluded respondent’s conduct rises to the level of Isgrossly negligent, if not intentional, misconduct, and that respondent caused actual harm to his clients, particularly those who were wrongfully deprived of funds to which they are entitled and those whose legal rights and remedies have been lost.
In aggravation, the committee recognized respondent’s prior disciplinary record for misconduct similar to that at issue *517 here,[4] his dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1977), and indifference to making restitution. The committee recognized that mitigating factors may exist in the form of respondent’s personal and emotional problems, but ultimately no consideration was given to these circumstances because respondent failed to present any medical or other evidence to the committee to justify doing so. In light of the substantial aggravating factors present, and considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence dealing with similar misconduct, the committee recommended respondent be disbarred.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board generally agreed with the hearing committee’s factual findings and its application of the Rules of Professional Conduct.[5] After reviewing the record in its entirety, the board determined that respondent neglected his clients’ | alega! matters and failed to communicate with his clients in the Jones, Laffitte, Smith, Vercher, Howard, Glass, and Pittman matters, in violation of Rules 1.3 and 1.4; failed to return unearned fees in the Jones, Vercher, Howard, Glass, and Pittman matters, in violation of Rules 1.5(f)(6) and 1.16(d); failed to withdraw from the representation of his clients during a period when he was ineligible to practice law, in violation of Rule 1.16(a)(1); failed to withdraw from the Laffitte matter upon becoming impaired, in violation of Rule 1.16(a)(2); failed to expedite litigation in the Howard matter, in violation of Rule 8.2; knowingly disobeyed an obligation under the rules of a tribunal in connection with his unauthorized practice of law, in violation of Rule 3.4(c); engaged in the unauthorized practice of law during a period of ineligibility, in violation of Rule 5.5(a); knowingly made a false statement of material fact in the course of the disciplinary investigation in the Glass matter, in violation of Rule 8.1(a); failed to cooperate with the ODC in any of its disciplinary investigations, in violation of Rules 8.1(c) and 8.4(g); violated the Rules of Professional Conduct, in violation of Rule 8.4(a); engaged in conduct involving misrepresentation in connection with his unauthorized practice of law and in the Howard, Glass, and Pittman matters, in violation of Rule 8.4(c); and engaged in conduct prejudicial to the administration of justice in connection with his unauthorized practice of law and in the Jones, Vercher, Glass, and Pittman matters.[6]
*518 The board found that respondent has violated duties owed to his clients, the public, and the legal profession. The board noted that respondent’s conduct was Imknowing, if not intentional, and resulted in actual harm to his clients, the public, the legal system, and the profession. The board agreed with the hearing committee’s assessment of the aggravating factors and finding of an absence of mitigating factors.
Turning to the issue of an appropriate sanction, the board agreed that the baseline for respondent’s misconduct is disbarment. Considering the relevant jurisprudence involving an extreme pattern of neglect of client matters, failure to return unearned fees, and failure to cooperate with the ODC, the board found there is no reason to deviate from the baseline sanction in this case.
Accordingly, the board recommended that respondent be disbarred from the practice of law. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
lnBased on our independent review, we conclude the findings of the hearing committee, as modified by the disciplinary board, are supported by the record. The undisputed evidence reveals respondent has violated numerous provisions of the Rules of Professional Conduct.
Having found violations of the Rules of Professional Conduct, we now turn to a determination of an appropriate sanction for this misconduct. The purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152; Louisiana State Bar Ass’n v. Levy, 400 So.2d 1355 (La.1981). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
*519 Respondent’s conduct is unquestionably serious in nature. On repeated occasions, he has neglected his clients’ legal matters, failed to communicate with his clients, failed to account for and refund unearned legal fees, and failed to properly terminate the representation of his clients. He also engaged in the practice of law while ineligible to do so, and has made no effort whatsoever to cooperate in the disciplinary investigation of these matters. This pattern of misconduct clearly caused actual harm to respondent’s clients, the public, and the legal profession.
Numerous aggravating factors are present, including respondent’s lengthy disciplinary history. We are unable to discern any mitigating factors from the record.
Disbarment is generally appropriate when the respondent has demonstrated a “a callous disregard for the ethical standards of the legal profession.” Louisiana State Bar Ass’n v. Brown, 291 So.2d 385, 388 (La.1974). Respondent’s actions in the instant matter, combined with his prior disciplinary record, convincingly prove that he has demonstrated a callous disregard for the standards of the legal profession. Accordingly, respondent must be disbarred.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Michael J. Bonnette be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. We previously suspended respondent from practice for a period of one year and one day. In re: Bonnette, 01-1401 (La.6/29/01), 791 So.2d 68. Respondent did not seek reinstatement following the suspension, however, and therefore he remains suspended from the practice of law.

. Respondent represented to the ODC in a sworn statement that he was committed to an *514 in-patient program for the treatment of depression during the period of time in which he represented Mr. Laffitte.

. Respondent was subsequently reinstated to the practice of law effective October 15, 1998.

. Respondent was admonished by the disciplinary board in 1999 (99-ADB-005), and as previously noted, was suspended by this court in 2001 for one year and one day.

. The majority of the board's disagreement with the committee seems to stem from the committee’s finding of rule violations that were not charged by the ODC. For example, the committee found respondent violated Rules 8.4(a), (c), and (g) in connection with each and every count of the formal charges; however, respondent was not charged in each count with violations of those sections.

.The board concluded the remainder of the formal charges are not supported by the record, and accordingly, recommended the following charges be dismissed: a violation of Rule 1.7(b) charged in the Pittman matter; violations of Rule 1.8(e) charged in the Laf-fitte and Smith matters; violations of Rule 1.15(a), (b), or (c) charged in the Howard, Glass, and Pittman matters; violations of Rule 1.16(a) charged in the Smith and Pittman matters; violations of Rule 3.3 charged in the Howard and Glass matters; a violation of Rule 3.4 charged in the Howard matter; a *518 violation of Rule 8.3(a) charged in the Howard matter; violations of Rule 8.4(b) charged in the Howard and Glass matters; and violations of Rule 8.4(c) charged in the Jones and Vercher matters. The ODC did not file an objection in this court to the board's recommendation, and therefore the dismissal of these charges will not be discussed further.