*320 ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Walter E. Keller, Jr., an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In 1989, respondent filed a worker’s compensation proceeding on behalf of his client, Orelia Johnson. The case was initially set for trial in May '1993, but was continued at respondent’s request, due to illness. A second trial date in November 1993 was also continued, this' time without date, to allow the parties to conduct additional discovery. The suit record reveals that no further action was taken in the matter following this continuance. Accordingly, by operation of law, the case has been abandoned.
Between 1993 and 2001, Ms. Johnson periodically contacted respondent requesting an update on the status of her case. Respondent assured her he would proceed with the matter but never did so. In August 2001, Ms. Johnson filed a complaint against respondent with the ODC.
Despite receiving notice of the complaint, respondent failed to respond, necessitating the ODC to issue a subpoena to obtain his response. The day before hgiving his sworn statement to the ODC in March 2002, respondent filed a motion to reset Ms. Johnson’s case for trial.[1]
During the sworn statement, respondent indicated he did not respond to the complaint because he was dealing with a painful episode of gout. He also stated that after the case was continued without date in 1993, it “fell through a hole” because it was not tickled properly by his office staff. Respondent agreed to provide the ODC with a copy of Ms. Johnson’s file and an assessment of her damages within thirty days. However, despite receiving a reminder letter from the ODC, respondent failed to provide the promised information, necessitating the issuance of a second subpoena.
During the second sworn statement in April 2003, respondent informed the ODC that the clerk of court had refused to process the motion to reset the trial in Ms. Johnson’s case because of his failure to pay outstanding costs totaling $818.25. Thereafter, he took no further action and did not inform Ms. Johnson of the status of her case. Furthermore, respondent informed the ODC that he had been suffering from gout during his representation of Ms. Johnson. However, he was not diag *321 nosed with this disorder by a doctor until October 2001. Prior to that time, respondent had been self-diagnosing, and self-medicating this condition, which he claimed caused episodes of considerable pain but did not affect his ability to practice law.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent, alleging his conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness misrepresenting a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, by order of the hearing committee chair dated October 6, 2003, the factual allegations contained in the formal charges were deemed admitted and proven by clear and convincing evidence. Pursuant to Supreme Court Rule XIX, § 11(E)(3), respondent was served with the order and given twenty days to move to recall the order and demonstrate “good cause why imposition of the order would be improper or would result in a miscarriage of justice.”
On October 29, 2003, respondent filed a pleading with the disciplinary , board in which he requested the opportunity to be heard in mitigation.[2] Respondent waived his right to do so at a formal hearing before the hearing committee, and instead asked that he be allowed to present his arguments in mitigation in writing. The ODC expressed no opposition to respondent’s request, which was granted by the hearing committee chair. In due course, both parties submitted written arguments and documentary evidence for the committee’s consideration.

Hearing Committee Recommendation

After reviewing the submissions. of respondent and the ODC, the hearing committee found that respondent violated a duty owed to his client and as a professional. It determined he clearly acted negligently but more probably acted 1 ¿knowingly. The committee found respondent failed to properly communicate with Ms. Johnson, neglected her case, misled her as to the status of her case, and allowed her case to become abandoned. It also found he failed to advise her of her rights resulting from his apparent legal malpractice. Furthermore, it noted respondent failed to cooperate with the ODC in its investigation of this matter.' The committee concluded respondent’s conduct caused Ms. Johnson actual harm in that she has been denied her day in court regarding the worker’s compensation matter and any malpractice claim against respondent has likely prescribed. Relying on the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence of this court, the committee determined that the baseline sanction for this misconduct is a period of suspension.
In aggravation, the committee recognized respondent’s prior disciplinary offenses,[3] a pattern of misconduct, and sub *322 stantial experience in the practice of law (admitted 1975). As mitigating factors, the committee recognized the absence of a dishonest or selfish motive, remorse, and remoteness of prior offenses.
Considering the circumstances, the committee recommended that respondent be suspended from the practice of law for a period of one year and one day. The committee also recommended that respondent be ordered to make restitution to Ms. Johnson.
Respondent objected to the sanction recommended by the hearing committee as too harsh.

Disciplinary Board Recommendation

|sAfter reviewing this matter, the disciplinary board found that respondent violated the Rules of Professional Conduct as alleged in the formal charges. It determined that respondent filed a worker’s compensation claim on Ms. Johnson’s behalf, but took no further action in the matter until Ms. Johnson filed a complaint against him. It also found that between 1993 and 2001, respondent disingenuously assured Ms. Johnson he would take action in her case and failed to inform her of his possible malpractice. Furthermore, the board noted respondent failed to cooperate with the ODC in its investigation of this matter.
The board determined that respondent violated duties owed to his client and as a professional. It found his misconduct was initially negligent but became knowing as time went on, and his failure to cooperate with the ODC was knowing. The board concluded the baseline sanction for this misconduct was a period of suspension. The board further adopted the aggravating and mitigating factors found by the committee.
Considering the circumstances in the instant matter, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be ordered to make restitution to Ms. Johnson, and that he be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has | fibeen proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In other words, mere allegations of a rule violation, without specific factual allegations or supporting evidence, is insufficient to prove misconduct by the requisite “clear and convincing” standard. In re Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
*323 Considering the deemed admitted allegations as well as the other evidence in the record, we find the ODC proved respondent violated Rules 1.3, 1.4, 3.2 and 8.4(c)(d) and (g). Respondent neglected Ms. Johnson’s legal matter for eight years. During this time, he continuously misled her by promising to move forward with her case, then not doing so. He also failed to cooperate with the ODC in its investigation of Ms. Johnson’s complaint despite previous admonitions for similar conduct.
Having found professional misconduct, the sole remaining issue presented for our consideration is the appropriate sanction for respondent’s misconduct. In imposing a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In determining a baseline sanction, we note this court typically has suspended lawyers for one year and one day for misconduct similar to respondent’s misconduct. See, e.g., In re: Kurzweg, 03-2902 (La.4/2/04), 870 So.2d 978 (lawyer suspended for one year and one day for neglecting a legal matter resulting in the client’s suit being dismissed as abandoned, failing to communicate with his clients for several years, and failing to cooperate with the ODC); In re: Blanson, 01-3048 (La.2/22/02), 809 So.2d 126 (lawyer suspended for one year and one day for neglecting a legal matter, failing to communicate with his client, and failing to cooperate with the ODC); In re: Bonnette, 01-1401 (La.6/29/01), 791 So.2d 68 (lawyer suspended for one year and one day for misconduct including neglect of a legal matter, failure to communicate with a client, and failure to cooperate with the ODC).
As aggravating factors, we recognize respondent’s prior disciplinary record (although we acknowledge this discipline is fairly remote in time from the instant misconduct), his substantial experience in the practice of law and a pattern of misconduct. In mitigation, we find respondent did not act with a dishonest or selfish motive and demonstrated remorse.
Considering these factors, we find ■ no basis to deviate from the baseline sanction of a suspension of one year and one day. Accordingly, we will suspend respondent from the practice of law for a period of one year and one. day, a suspension which will necessitate that he make a formal application for reinstatement under Supreme Court Rule XIX, § 24.
I ¡¿DECREE .
Upon review of the. findings and recommendations of the.hearing committee and disciplinary board, and considering the record, it is ordered that Walter E. Keller, Jr., Louisiana Bar Roll number 7693, be suspended from the practice of law in Louisiana for a period of one year and one day. It is further ordered that respondent pay restitution to Orelia . Johnson. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Although respondent attempted to reset the matter for trial, he did not pay the costs due, and the matter was not reset. Thereafter, respondent took no further action.

. Respondent specifically stated that he "does not desire to challenge the [deemed admitted] Order ... as being improper nor that it would result in a miscarriage of justice.”

. Respondent was admonished by the disciplinary board in 1993 and 1995 for failing to cooperate with the ODC.