PER CURIAM.
|! This disciplinary matter arises from four sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael J. Bonnette, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1977. In 1999, he was admonished by the disciplinary board for failing to communicate with a client, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and failing to cooperate with the ODC.
*837 In 2001, this court considered a proceeding against respondent wherein he was charged with neglecting his client’s legal matter from 1989 to 1998 and failing to cooperate with the ODC. After considering the record, we suspended respondent for one year and one day. In re: Bonnette, 01-1401 (La.6/29/01), 791 So.2d 68 (“Bonnette I ”). Respondent never sought reinstatement following this suspension.
Approximately a year and a half later, we addressed a second disciplinary proceeding against respondent involving nine counts of misconduct. This proceeding, arising from conduct which occurred between 1995 and 1999, involved allegations that respondent neglected client matters, failed to communicate with ^clients, failed to account for and refund unearned fees, failed to properly terminate representations, practiced law while ineligible to do so, and failed to cooperate with the ODC. We found respondent’s actions in those matters, combined with his prior disciplinary record, proved that he demonstrated a callous disregard for the standards of the legal profession. Accordingly, respondent was disbarred. In re: Bonnette, 02-2596 (La.1/24/03), 840 So.2d 512 (“Bonnette II”).
UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed four sets of formal charges against respondent. The first set, bearing the disciplinary board’s docket number 00-DB-143, was filed on November 9, 2000 and consists of one count of misconduct. The second set, bearing the disciplinary board’s docket number 01-DB-007, was filed on January 17, 2001 and consists of two counts of misconduct. The third set, bearing the disciplinary board’s docket number 02-DB-078, was filed on August 9, 2002 and consists of one count of misconduct. The fourth set, bearing the disciplinary board’s docket number 04-DB-021, was filed on March 8, 2004 and consists of two counts of misconduct.
The first two sets of formal charges were consolidated and considered by one hearing committee. The third and fourth sets of formal charges were considered by separate hearing committees. Thereafter, all four matters were consolidated by order of the disciplinary board dated June 13, 2005. On April 25, 2006, the board filed in this court a single recommendation of discipline encompassing all four sets of formal charges.

U00-DB-U3

In July 2000, Elizabeth Bryant filed a complaint against respondent with the ODC. A copy of the complaint was forwarded to respondent’s primary registration address but was returned marked “box closed unable to forward.” Thereafter, despite being personally served with a subpoena to provide a sworn statement to the ODC, respondent failed to appear.
The ODC alleged that respondent’s conduct violated Rules 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. The ODC also alleged that respondent’s conduct violated Supreme Court Rule XIX, § 9(a)(c) (knowing failure to respond to a lawful demand from a disciplinary authority).

01-DB-007

Counts I & II — The Lasyone Matter
In March 1999, Kenny Lasyone hired respondent to handle a criminal matter, paying him $3,500 of a $5,000 fee. Ap *838 proximately one year later, Mr. Lasyone advised respondent that he was unable to pay the balance of the fee. As such, he requested that respondent withdraw from the representation and refund the unearned portion of the fee. Respondent did neither, nor did he provide Mr. Lasyone with an accounting. Furthermore, although respondent appeared for Mr. Lasy-one’s arraignment at the beginning of the representation, he failed to appear for Mr. Lasyone’s trial on August 3, 2000.
|4In September 2000, the ODC forwarded a copy of Mr. Lasyone’s complaint to respondent’s primary registration address; however, the correspondence was returned marked “box closed unable to forward.” Correspondence addressed to respondent’s secondary registration address was returned “unclaimed.” Thereafter, despite being personally served with a subpoena to provide a sworn statement to the ODC, respondent failed to appear.
The ODC alleged that respondent’s conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee), 1.15(b) (failure to promptly remit client funds and failure to provide an accounting of client funds), 1.16(a)(3) (failure to withdraw from representation upon being discharged) 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(b) (knowing failure to respond to a lawful demand from a disciplinary authority), 8.1(c), 8.4(a), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) of the Rules of Professional Conduct. The ODC also alleged that respondent’s conduct violated Supreme Court Rule XIX, § 9(c). .
Respondent failed to answer or otherwise reply to either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
| ⅜Hearing Committee Recommendation

00-DB-U3 & 01-DB-007

After considering the ODC’s submission and the deemed admitted facts, the hearing committee made the following factual findings:
1. Ms. Bryant hired respondent in March 1996 to represent her as the result of a motor vehicle accident.
2. Respondent repeatedly failed to communicate with Ms. Bryant and needlessly subjected her to bill collectors and the like.
3. Respondent misinformed Ms. Bryant regarding payments allegedly made by him on her behalf and failed to claim certified letters from her.
4. Mr. Lasyone hired respondent in March 1999 to represent him on a charge of fourth offense DWI. Mr. La-syone paid respondent $3,500. Although respondent did no substantial work on behalf of Mr. Lasyone, respondent refused to refund all or part of the $3,500. Despite several requests, respondent failed to return unearned fees paid by Mr. Lasyone and failed to respond to the ODC.
Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. He violated duties owed to his clients and as a professional. He acted knowingly and intentionally. He *839 also failed to cooperate with the ODC in its investigations of his clients’ complaints. Furthermore, his conduct caused “actual injury of untold economic interest to his clients as well as personal misery, trials, and tribulations to complainants.”
The committee found the following aggravating factors present: prior disciplinary offenses (respondent’s 1999 admonition), a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary | fiproceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and indifference to making restitution. The committee found no mitigating factors present.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day.
The ODC filed an objection to the hearing committee’s recommendation, arguing that disbarment is the appropriate sanction in light of respondent’s suspension in Bonnette I.

02-DB-078

In May 2001, Teresa Lard hired respondent to represent her son, Diverious Holden, in a criminal matter, paying him $1,000. Respondent did some work in the matter, including filing a motion to reduce bail. However, Ms. Lard discharged respondent in June 2001 and requested a refund of the unearned portion of the fee. Respondent failed to respond to Ms. Lard and failed to refund the unearned fee.
In August 2001, the ODC forwarded a copy of Ms. Lard’s complaint to respondent’s primary registration address; however, the correspondence was returned marked “unclaimed.” Thereafter, despite being personally served with a subpoena to provide a sworn statement to the ODC, respondent failed to appear.
The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5(f)(6), 1.16(d), 3.4(c), 8.1(c), 8.4(a), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d), and 8.4(g) of the Rules of Professional Conduct.
17Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

02-DB-078

After considering the ODC’s submission and the deemed admitted facts, the committee found that Ms. Lard hired respondent on May 25, 2001 to handle Mr. Holden’s bond reduction. Respondent accepted a $1,000 fee but thereafter failed to return Ms. Lard’s telephone calls. Ms. Lard terminated respondent’s services by letter dated June 27, 2001 and requested a refund of the unearned portion of the fee. Ms. Lard heard nothing further from respondent. On June 22, 2001, respondent filed a motion to reduce bail and met with the judge and the assistant district attorney, but undertook no further efforts on behalf of Mr. Holden. On August 28, 2001, a copy of Ms. Lard’s complaint was forwarded to respondent via certified mail to his registration address,- which correspondence was returned marked “unclaimed.” On October *840 16, 2001, respondent was personally served with a subpoena to provide the ODC with a sworn statement. However, respondent did not appear.
Based on these findings, the committee determined that respondent is “clearly guilty of the charged action.” He knowingly and intentionally violated duties owed to his client and as a professional. In acting as he did, respondent did not properly 1 Rcomplete his client’s legal matter and left the complaint unresolved. The committee found no mitigating factors present. The only aggravating factor found by the committee was respondent’s prior disciplinary offenses (his 1999 admonition, his suspension in Bonnette I, and his disbarment in Bonnette II).
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

0Jp-DB-021

Counts I & II — The Sapp Matter
In April 2001, Monica Sapp hired respondent to handle her divorce, paying him $750 in fees and costs. Respondent filed a petition for divorce and restraining order. He also appeared in court to represent Ms. Sapp during a hearing. Thereafter, respondent became inaccessible to Ms. Sapp and failed to complete the representation. He did not provide his client with an accounting or refund any portion of the fee. He also failed to inform Ms. Sapp of his suspension resulting from Bonnette I or his disbarment resulting from Bonnette II.
The ODC forwarded a copy of Ms. Sapp’s complaint to respondent at his primary registration address, which was returned marked “unclaimed.” Correspondence sent to another address provided by respondent was returned marked “moved left no address/unable to forward/return to sender.” Thereafter, despite being personally served with a subpoena to provide a sworn statement to the ODC, respondent failed to appear.
|flThe ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5(f)(6), 1.15(c) (failure to keep disputed funds separate from the lawyer’s own funds), 1.16(a)(1) (declining or terminating representation), 1.16(d), 8.1(c), 8.4(a), 8.4(c), 8.4(d), and 8.4(g) of the Rules of Professional Conduct.
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

0Í-DB-021

After considering the ODC’s submission and the deemed admitted facts, the hearing committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee found no mitigating factors but found the aggravating factor of prior disciplinary offenses to be present.
Under these circumstances, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

*841
Disciplinary Board Recommendation

00-DB-U3, 01-DB-007, 02-

DB-078 & 0k-DB-021

hnAfter reviewing the consolidated matters, the disciplinary board made the following determinations:
00-DB-lJp3: Respondent failed to cooperate with the disciplinary investigation. In doing so, he violated Rules 3.4(c), 8.1(c), 8.4(a), and 8.4(g) of the Rules of Professional Conduct. He also violated Supreme Court Rule XIX, § 9(a) and (c).
01-DB-007: Respondent violated Rules 1.5(f)(6) and 1.16(d) by failing to account for and refund a fee paid for representation through trial that was terminated by the client prior to trial. Respondent violated Rules 8.1(b), 8.1(c), and 8.4(g) as well as Supreme Court Rule XIX, § 9(c) by failing to cooperate with the disciplinary investigation. Respondent also violated Rule 1.16(a)(3) by failing to withdraw from the case and violated Rule 8.4(d) by failing to cooperate with the disciplinary investigation, which was prejudicial to the administration of justice. In violating the above Rules of Professional Conduct, respondent also violated Rule 8.4(a). However, the board determined that neither the deemed admitted facts nor Mr. Lasyone’s allegations indicate that respondent violated Rules 1.3,1.4,1.15(b), or 3.2.
02-DB-078: Respondent violated Rules 1.5(f)(6) and 1.16(d) by failing to account for or refund unearned fees. Respondent also violated Rules 3.4(c), 8.1(c), 8.4(d), and 8.4(g) by failing to cooperate with the disciplinary investigation, which was prejudicial to the administration of justice. In violating the above Rules of Professional Conduct, respondent also violated Rule 8.4(a). However, the board determined that neither the deemed admitted facts nor Ms. Lard’s allegations indicate that respondent violated Rules 1.3, 1.4, or 8.4(c).
0U-DB-021: Respondent violated Rule 1.4 by failing to inform Ms. Sapp of his suspension in Bonnette I, which prohibited him from working on her case. Respondent violated Rule 1.5(f)(6) by failing to account for or refund unearned fees. I t Respondent violated Rule 1.16(a)(1) by failing to file a motion to withdraw from the case. He also violated Rule 1.16(d) by failing to give Ms. Sapp notice that he was terminating the representation and by failing to refund any unearned fee. Respondent further violated Rules 8.1(c), 8.4(d), and 8.4(g) by failing to cooperate with the disciplinary investigation, which was prejudicial to the administration of justice. In violating the above Rules of Professional Conduct, respondent also violated Rule 8.4(a). However, the board determined that neither the deemed admitted facts nor Ms. Sapp’s allegations indicate that respondent violated Rules 1.15(c) or 8.4(c). Furthermore, the board found that respondent did not violate Rule 1.3 because he worked on the case until he was suspended from the practice of law.
The board determined that respondent violated duties owed to his clients, the legal system, and as a professional. His conduct with respect to his clients was knowing, and his failure to cooperate with the ODC was intentional. Respondent caused harm to his clients and the disciplinary system. Relying upon the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
The board found no mitigating factors present, but recognized the following aggravating factors: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the *842 wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution.
In determining an appropriate sanction, the board found that the misconduct subject of 00-DB-143 and 01-DB-007 occurred during the same general time frame |i?as the misconduct subject of respondent’s disbarment in Bonnette II. However, the board determined that the misconduct subject of 02-DB-078 and 04-DB-021 occurred after the misconduct subject of Bonnette II.
Accordingly, the board recommended that respondent be adjudged guilty of additional violations warranting disbarment, pursuant to Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), for his misconduct in 00-DB-143 and 01-DB-007, but that he be disbarred a second time for his misconduct in 02-DB-078 and 04-DB-021. Furthermore, the board recommended that respondent provide his clients with full accountings and refund any unearned fees. Finally, the board recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a | -^violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this matter indicate that respondent failed to communicate with his clients, failed to withdraw from representations upon being discharged, failed to withdraw from a representation upon being suspended from the practice of law, failed to provide ac-countings, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. This misconduct violates Rules 1.4, 1.5(f)(6), 1.16(a)(1), 1.16(a)(3), 1.16(d), 8.1(b), 8.1(c), 8.4(a), and 8.4(g) of the Rules of Professional Conduct. Accordingly, having found professional misconduct, the sole issue presented for our consideration is the appropriate sanction.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circum *843 stances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the hearing committees and the disciplinary board that respondent’s misconduct was knowing and intentional. He caused actual harm to his clients as well as the disciplinary system. Additionally, there are numerous aggravating factors present, namely prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of 114the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. There are no mitigating factors. Under these circumstances, it does not appear respondent has the requisite honesty and integrity to practice law in this state.
Accordingly, we will accept the board’s recommended sanction and adjudge respondent guilty of additional violations warranting disbarment, pursuant to Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), for his misconduct in 00-DB-143 and 01-DB-007. With regard to the misconduct in 02-DB-078 and 04-DB-021, which occurred outside of the time frame of respondent’s prior discipline, we conclude disbarment is the appropriate sanction. Recognizing that respondent is currently disbarred in Bonnette II, we will extend the minimum period for readmission for an additional five years from the date upon which respondent is eligible to seek readmission from the judgment of disbarment in Bonnette II. See In re: White, 00-2732 (La.4/25/01), 791 So.2d 602 (“[therefore, we believe it is more consistent with the purposes of Supreme Court Rule XIX, § 24 to hold that the five-year minimum period for readmission for a subsequent disbarment should run consecutively to the five-year period stemming from the original disbarment, in the absence of unusual or extenuating circumstances”). Finally, we will order respondent to provide his clients with full accountings and refund any unearned fees.
DECREE
Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record, it is ordered that Michael J. Bon-nette, Louisiana Bar Roll number 3224, be and he hereby is adjudged, guilty of | ^additional violations warranting disbarment, pursuant to Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), for his misconduct in the matters numbered 00-DB-143 and 01-DB-007. For his misconduct in the matters numbered 02-DB-078 and 04-DB-021, it is ordered that the minimum period within which respondent may seek readmission to the practice of law be extended for a period of five years, commencing from the date respondent would be eligible to seek readmission from the disbarment imposed in In re: Bonnette, 02-2596 (La.1/24/03), 840 So.2d 512. It is further ordered that respondent shall provide his clients with full accountings and refund any unearned fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.