ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.*
This attorney disciplinary proceeding arises from the filing of two counts of formal charges by the Office of Disciplinary Counsel (“ODC”) against respondent, Anthony Hollis, an attorney licensed to practice law in the State of Louisiana. The charges alleged respondent failed to provide competent and diligent representation, failed to communicate with clients, failed to account for or return unearned fees, failed to cooperate in a disciplinary investigation and failed to comply with a subpoena issued by a tribunal, in violation of Rules 1.3, 1.4, 1.15(b), 1.16(d), 3.4(c), 8.1(b), (c) and 8.4(a), (d), (g) of the Rules of Professional Conduct and Supreme Court Rule XIX, § 9(a) and (c).
UNDERLYING FACTS
The record indicates that respondent was retained on July 7,1995 by Linda H. Watson and Velma Willis to represent them in an employment discrimination suit after their former attorney failed to pursue the case on *694 their behalf. Each paid respondent $250 representing a “non-refundable retainer.”
On September 6, 1995, the ODC received complaints from Ms. Watson and Ms. Willis alleging respondent failed to pursue their case and that they had been unable to speak to respondent, despite their several phone calls and visits to his office.[1] When respondent failed to respond to several of the ODC’s requests for information regarding the allegations of misconduct, a subpoena was issued compelling his testimony and production of documents. Respondent did not comply with the subpoena.
^DISCIPLINARY PROCEEDINGS
On May 9, 1996, the ODC served formal charges on respondent. Respondent failed to answer the charges. The ODC timely filed its documentary evidence and memorandum on the issue of sanctions suggesting a lengthy suspension with conditions to reinstatement. Since respondent’ failed to timely avail himself of the opportunity to present mitigating evidence, no hearing was conducted.
On March 4,1997, the committee rendered its recommendation. Relying on the ABA Standards for Imposing Lawyer Conduct, it noted the baseline sanction was suspension for each count of the charges. While it found no mitigating factors, the committee recognized as aggravating factors: (1) prior discipline;[2] (2) dishonest or selfish motive; (3) bad faith obstruction of the disciplinary process; (3) refusal to acknowledge wrongful nature of conduct; (4) indifference to making restitution; and (5) substantial experience in the practice of law.[3] The committee proposed a one year suspension followed by a one year supervised probationary period. It further recommended reinstatement be conditioned on full compliance with the membership requirements of the Louisiana State Bar Association and payment of all disciplinary proceeding costs.[4]
The respondent appeared for the hearing before the panel of the disciplinary board. On February 18, 1998, the disciplinary board filed its findings and recommendation with this court stating it was convinced respondent had acknowledged the wrongfulness of ' his conduct. While agreeing suspension is appropriate under the circumstances, it disagreed with the length of suspension proposed by the committee. As aggravating factors, the board noted the presence of: (1) a pattern of misconduct; (2) multiple offenses; (3) bad faith obstruction of the disciplinary process; and (4) substantial experience in the practice of law. Unlike the committee, it concluded respondent’s 1994 admonition could not be considered as an aggravating ^factor since the record had no information as to the nature of the charge. Moreover, in light of respondent’s testimony at the hearing, it determined that indifference to making restitution could not be considered as an aggravating factor. In mitigation, the board noted the presence of: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive; (3) remorse “albeit belated”; (4) willingness to acknowledge the wrongful nature of his conduct; and (5) personal or emotional problems (respondent was in substance abuse recovery at the time he was retained by the complainants). Moreover, the board maintained that petitioner’s acceptance of $250.00 for an employment discrimination case was indicative of his inex *695 perience in handling such cases, which traditionally are complex cases to handle.
In deviating downward from the committee’s proposed sanction, the board recommended that respondent be suspended from the practice of law for a period of one year and three months, with all but three months deferred, followed by a one year unsupervised probationary period. Further, it proposed reinstatement be conditioned on proof that respondent has become current on his mandatory financial and educational bar association obligations, provided restitution to his former clients and removed the “nonrefundable retainer” language from his employment contract. Should respondent fail to comply with the terms of his probation, the board recommended it have the authority to seek probation revocation through summary proceedings.
Neither respondent nor the ODC filed objections to this recommendation. However, pursuant to Supreme Court XIX, § 11(G)(1)(a), we requested the parties submit briefs (without oral argument), addressing the issue of whether the disciplinary board erred in failing to consider respondent’s prior discipline as an aggravating factor, and whether the sanction recommended by the disciplinary board was an appropriate sanction. Both parties filed their briefs timely.
CONCLUSION
Upon review of the findings and recommendation of the hearing committee and disciplinary board, the record filed herein, and the additional briefing of the parties, we conclude the discipline recommended by the disciplinary board is inappropriate under the facts of this case. In reaching this conclusion, we note the disciplinary board clearly erred in failing to ^consider respondent’s prior admonition as an aggravating factor.[5] Additionally, the disciplinary board erred in considering restitution as a mitigating factor. Although respondent raised this issue in oral argument before the board, no evidence was introduced into the record indicating respondent undertook any efforts to provide restitution.[6]
Based on these considerations, we find a one year suspension from the practice of law, followed by a one year period of supervised probation, subject to the conditions recommended by the hearing committee, is appropriate discipline.
DECREE
Accordingly, it is the decision of this court that respondent, Anthony Hollis, be suspended from the practice of law for a period of one year, to be followed by one year of supervised probation subject to the conditions recommended by the hearing committee. It is further ordered that respondent make full restitution, or provide evidence to the Office of Disciplinary Counsel that he has made such restitution, to Linda H. Watson and Velma Willis of any unearned legal fees. All costs of these proceedings are assessed against respondent.
TRAYLOR, J., dissents. One year is too lenient; should be at least one year and one day to his complete failure to cooperate.

 Lemmon, J. not on panel. Rule IV, Part 2, § 3.

. Attached to Ms. Watson's complaint was a chronological log of the complainants’ attempts to communicate with the respondent regarding their case. She identifies no less than ten occasions where respondent made appointments to meet the complainants at his office and he failed to appear.

. Respondent was admonished on March 31, 1994’for violation of Rules 3.4(c), 8.1(b), 8.4(a), (d), (g) of the Rules of Professional Conduct and Supreme Court Rule XIX, § 9(c). The record does not contain any information regarding the facts surrounding the prior discipline.

. Respondent was admitted to practice law on October 11, 1985.

. In its recommendation to the disciplinary board, the committee had noted respondent was ineligible to practice for failure to pay bar dues from January 1, 1994 to April 21, 1994; September 30, 1994 to December 1994; and from September 6, 1995 to November 3, 1995. He was also declared ineligible to practice because of his failure to comply with mandatory continuing legal education requirements from November 7, 1995 to January 30, 1996.

. Supreme Court Rule XIX, § 10(A)(5) provides in pertinent part:
An admonition may be used in subsequent proceedings in which the respondent has been found guilty of misconduct as evidence of prior misconduct bearing upon the issue of the sanction to be imposed in the subsequent proceeding.
While the disciplinary board felt it could not consider respondent's prior discipline because it was not introduced into the record, nothing in this rule requires the prior admonition to be formally introduced into evidence. See also La. Code Evid. art. 201(D) and art. 202(B)(e).

. Supreme Court Rule XIX, § 11 F(2) provides:
(2) During its review, the board shall not receive or consider any evidence that was not presented to the hearing committee, except upon notice to the respondent and disciplinary counsel and opportunity to respond. The hearing committee shall act as the initial trier of fact; the board serves an appellate review function. If new evidence warranting a reopening of the proceeding is discovered, the case should be remanded to the hearing committee.