|,PER CURIAM. *
This attorney disciplinary matter stems from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Anthony Hollis, an attorney licensed to practice law in Louisiana. Respondent was previously suspended from the practice of law by this court for a period of one year. In re: Hollis, 98-0444 (La.6/19/98), 714 So.2d 693, rehearing denied, (La.9/4/98), 723 So.2d 430 (“Hollis I”). Although respondent was eligible for reinstatement on September 4, 1999 from the suspension imposed in Hollis I, he has not sought reinstatement and therefore remains suspended.
FACTS AND PROCEDURAL HISTORY

Early Matter

On or about February 27, 1996, Amer J. Early retained respondent for $1,000 to represent her in a wrongful termination of employment, matter. Respondent filed suit in state court for unpaid wages, but the matter was removed to federal court on the basis of diversity. Because respondent was not admitted to practice in the Western District of Louisiana where the case was pending, he applied for admission in that court. His application was denied because there were disciplinary proceedings (which | ¡¿later formed the basis for Hollis I) pending against him. The court ordered respondent to withdraw from the case and ordered new counsel to be substituted. However, by the time he attempted to withdraw, the case had been dismissed due to his failure to comply with discovery requests. Respondent failed to advise his client of the order to withdraw as counsel and the dismissal of the case.
On March 30, 1998, Ms. Early filed a complaint with the ODC advising of respondent’s neglect of her legal matter, failure to communicate and misrepresentations made regarding the status of her *665 case for a period of two years. Respondent filed an answer to the complaint, in essence, admitting he neglected to withdraw from the case and failed to comply with discovery requests that resulted in the case being dismissed. He also agreed to refund the retainer and forego any fee in his handling of the case. On June 26, 1998, respondent refunded the retainer fee to Ms. Early, advised her of the approaching prescriptive date and offered to have his former law associate complete the matter for her. Ms. Early chose not to pursue the case any further.

Unauthorized Practice of Law Matters

On June 19, 1998, this court rendered its decision in Hollis I. Respondent filed a timely motion for rehearing. This court denied the motion for rehearing on Friday, September 4, 1998. The following Monday, September 7, was Labor Day. On the next day, Tuesday, September 8, respondent appeared in court arguing matters on behalf of two criminal clients in felony matters and a defendant in a forfeiture proceeding pending in Claiborne Parish. Furthermore, in November 1998, he was still counsel of record for two of the clients, as well as one other criminal client. On November 25,1998, the trial judge in those filed a complaint with the ODC advising respondent appeared in her court subsequent to the date Hollis I became final.
I,DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent alleging violations of the following provisions Rules of Professional Conduct: Rules 1.1(a) (incompetence), 1.2(a) (scope of representation), 1.2(b) (failure to limit objectives of representation), 1.3 (lack of diligence), 1.4 (failure to communicate), 1.7(b) (engaging in a conflict of interest), 1.16(b) (withdrawing from client representation causing adverse affect on client), 1.16(d) (failure to protect client interests upon termination of representation), 2.2 (improperly acting as intermediary with clients), 3,2 (failure to expedite litigation), 3.3(a) (lack of candor to tribunal), 3.3(b) (lack of candor throughout proceedings or hearing), 3.4(c) (failure to comply with tribunal orders), 3.4(d) (failure to comply with discovery request), 3.5(c) (engaging in conduct intended to disrupt a tribunal), 5.5(a) (engaging in the unauthorized practice of law), 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).[1] Respondent filed an answer, admitting that he faked to promptly withdraw as counsel in the federal proceeding, that his client’s case was dismissed for failure to comply with discovery. However, he denied that he neglected his client’s matter, failed to complete the representation and failed to refund the unearned portion of the fee. As to the allegations that he engaged in the unauthorized practice of law, respondent ^admitted that he made court appearances on Tuesday, September 8, 1998, prior to his notification of the denial of his rehearing in Hollis I.

*666
Recommendation of the Hearing Committee

After a formal hearing, the hearing committee filed its written recommendation. The committee found there was clear and convincing evidence to support the charges arising from the Early matter. Although there were numerous factual disputes between respondent and Ms. Early on details, the committee found respondent admitted that he failed to promptly withdraw and substitute counsel, failed to respond to discovery resulting in the dismissal of the case, and failed to communicate with his client for a period of almost two years. With regard to the unauthorized practice of law charges, the committee recognized that after making his court appearances on September 8, respondent learned of the denial of rehearing in Hollis I and subsequently discontinued any activities which constituted the practice of law. Thus, it determined that although there may have been a “technical violation,” respondent did not knowingly violate the prohibition against practicing law after he was suspended.
In addressing the issue of sanctions, the committee found the baseline sanction was a suspension. As aggravating factors, it noted respondent had a prior disciplinary record,[2] demonstrated a pattern of misconduct and engaged in multiple offenses. In mitigation, it found respondent did not have a dishonest or selfish motive, displayed a cooperative attitude toward the disciplinary proceedings and demonstrated remorse. Further, it recognized that the instant misconduct took place at approximately the same time as the events subject of respondent’s prior disciplinary proceeding, where [¡¡this court acknowledged respondent’s personal and emotional problems due to his substance abuse recovery and his legal inexperience. Finally, as a practical matter, it recognized that respondent was barred from seeking reinstatement from his prior suspension due to the pending proceeding.
Considering these factors, the committee recommended that respondent be suspended for one year, with all but 180 days suspended or deferred, subject to a one year probation with a practice monitor, as well as two hours of continuing legal education in professionalism and two hours in the area of ethics.

Disciplinary Board Recommendation

The disciplinary board adopted the hearing committee’s findings of fact that respondent violated the professional rules in the Early matter, and that he “technically” engaged in the unauthorized practice of law.
In addressing the issue of sanctions, the board determined respondent knowingly, if not intentionally, violated duties owed to his client, to the public, to the legal system and the profession. It concluded Ms. Early suffered actual injury in her wrongful termination matter when her case was dismissed. However, the board noted that Ms. Early voluntarily chose not to re-file her suit, which had been dismissed without prejudice. Moreover, it recognized respondent advised Ms. Early of the prescription date and that another attorney in the law firm would be able to pursue the federal litigation on her behalf. Last, the board pointed out respondent refunded the $1,000 retainer fee to Ms. Early. The board accepted the aggravating and mitigating factors and jurisprudence cited by the committee.
As a sanction, the board accepted the committee’s recommendation of a one-year *667 suspension, with six months suspended or deferred. However, the board determined the entire period of suspension should run retroactive to September 4, | fi1999 (the date respondent could have sought reinstatement from the suspension imposed in Hollis I). The board further declined to recommend probation, noting that respondent successfully completed one year of supervised probation in connection with Hollis I, and imposition of a second period of supervised probation would not add any benefit at this time.
Accordingly, the board recommended that respondent be suspended from the practice of law for a period of one year, with all but 180 days suspended or deferred, with the suspension running retroactive to September 4,1999.
The ODC filed an objection to the board’s recommendation. Although the ODC did not dispute the sanction, it objected to the retroactivity provision. Therefore, the matter was docketed for oral argument pursuant to Rule XIX, § 11(G)(1)(b).
DISCUSSION
The record supports the hearing committee’s finding that the ODC proved the allegations of the formal charges by clear and convincing evidence. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating ■ circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
|7The ODC concedes that much of the conduct forming the basis of the instant disciplinary proceeding occurred within the same time frame as the 1995 misconduct at issue in Hollis I.[3] The proper approach in dealing with such a situation is illustrated in Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), in which we explained that when a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.
If we had been aware of the instant misconduct at the time of Hollis I, it is unlikely we would have imposed a sanction in excess of the one year suspension, coupled with probation, which we imposed in that case. Therefore, we conclude the disciplinary board reached the correct result in recommending a one-year suspension as discipline for the instant case, but in not requiring respondent to serve any additional period of suspension.
However, we decline to make the suspension retroactive, as the disciplinary board suggested. The only mention of *668 retroactive discipline is found in Supreme Court Rule XIX, § 24(A), which relates to attorneys disbarred for the same misconduct for which they were placed on interim suspension, and is obviously not applicable under the instant facts. Instead, we will impose a one-year suspension on respondent, but fully defer that suspension.
Additionally, because of the unique circumstances of this case, we will make this judgment effective upon rendition under Supreme Court Rule XIX, § 26(E), allowing respondent to seek immediate reinstatement under Supreme Court Rule XIX, |a§ 23, should he choose to do so, without waiting for the rehearing delays to run.
DECREE
For the reasons assigned, it is ordered that Anthony Hollis be suspended from the practice of law for a period of one year. It is further ordered that this suspension be fully deferred. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid. Pursuant to Supreme Court Rule XIX, § 26(E), this judgment shall be effective upon rendition.
VICTORY, J., concurs in the result.

 Retired Judge Robert L. Lobrano participated in this decision as Associate Justice Pro Tem-pore.

. After formal charges were first filed in this matter, respondent and the ODC submitted a joint petition for consent discipline proposing a sanction of a one year suspension, with all but ninety days deferred, followed by a one year supervised probation. On May 4, 2000, the board rejected the proposed sanction because it was too lenient, and was based on insufficient evidence as to the extent of injury to Ms. Early. As a result, the ODC re-filed the original formal charges.

. In addition to Hollis I, the committee observed respondent was admonished on March 31, 1994 stemming from his failure to cooperate with the ODC.

. Obviously, we recognize that the unauthorized practice of law allegations arose after Hollis I. However, we agree with the conclusion of the hearing committee that this violation is technical in nature. Therefore, we concentrate on the allegation of the Early matter as being the most serious misconduct.