*1251 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
|-i This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Anthony Hollis, an attorney licensed to practice law in Louisiana.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1985. He was admonished in 1994 and 1998 for failing to cooperate with the ODC. In 1998, this court suspended respondent from the practice of law for a period of one year based on his failure to provide competent and diligent representation to clients, failure to communicate with clients, failure to account for or return unearned fees, failure to cooperate in a disciplinary investigation, and failure to comply with a subpoena issued by a tribunal. In re: Hollis, 98-0444 (La.6/19/98), 714 So.2d 693 (“Hollis I”). In 2001, we considered a disciplinary proceeding involving respondent’s failure to provide competent and diligent representation to clients, failure to communicate with clients, failure to account for or return unearned fees, lack of candor, unauthorized practice of law, and failure to cooperate in a disciplinary investigation, among other misconduct. As much of the misconduct occurred within the same time frame as the misconduct hat issue in Hollis I,[1] we imposed a fully deferred one-year suspension so as not to require respondent to serve an additional period of actual suspension. In re: Hollis, 01-2127 (La.10/17/01), 797 So.2d 663 (“Hollis II”).
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
*1252 UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed four separate sets of formal charges against respondent, consisting of a total of five counts of misconduct. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(8). No formal hearing was held, but the parties were given an opportunity to file with the hearing committees written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration in any of the matters.
The formal charges were considered by separate hearing committees, then consolidated by order of the disciplinary board. The board subsequently filed in this court a single recommendation of discipline encompassing all four sets of formal charges.

ll-DB-045

Count I — The Anderson Matter
In December 2002, Corine Anderson retained respondent to represent her in a civil action against a finance company. Respondent accepted $2,100 in fees but | sthen failed to complete the work for which he was hired. He also refused to meet with Ms. Anderson or return her telephone calls. Due to respondent’s inaction, Ms. Anderson’s case was deemed abandoned.
In May 2010, Ms. Anderson filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena compelling him to appear on August 12, 2010. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), and 8.1(c) (failure to cooperate with the ODC in its investigation).
Count II — The Rambo Matter
In November 2009, Dennis Rambo, Jr. paid respondent $2,500 to annul an inter vivos donation. When respondent failed to return his telephone calls, Mr. Rambo attempted to contact him via certified letter. All meetings that had been scheduled between them were subsequently cancelled by respondent, with no notice to Mr. Rambo. Respondent failed to complete the work for which he was hired and never produced any evidence to support his representations to Mr. Rambo that he was working on the matter. He also refused to refund the fee Mr. Rambo paid.
In December 2010, Mr. Rambo filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena compelling him to appear on March 31, 2011. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.
I/The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, and 8.1(c).

Hearing Committee Report

After considering the ODC’s deemed admitted submission in ll-DB-045, the hearing committee determined the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. The committee also deter *1253 mined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent knowingly, if not intentionally, violated duties owed to his clients, the legal system, and the legal profession. The committee found the following aggravating factors are present: a prior disciplinary record, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1985). The committee did not find any mitigating factors present.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for eighteen months. Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

jll-DB-108

In 1995, Darren Sloan retained respondent to represent him in a criminal matter in which he was charged with second degree murder. After he was convicted, Mr. Sloan sought review by filing a petition for post-conviction relief and a writ of habeas corpus, largely based upon respondent’s alleged failure to communicate a plea deal that was offered prior to trial. Though the writ of habeas corpus was ultimately denied, several issues arose concerning respondent’s eligibility and handling of Mr. Sloan’s defense. In his testimony at the hearing on |sMr. Sloan’s writ, respondent acknowledged that he appeared in court with Mr. Sloan on October 6, 1995, at a time when he was ineligible to practice law. In addition, Magistrate Judge Mark Hornsby determined that more probably than not, respondent had not communicated the plea offer to Mr. Sloan.[2] Judge Hornsby also noted that the state appellate court had held respondent in contempt and fined him $100 plus costs after he failed to file an appellate brief on Mr. Sloan’s behalf, despite having been granted an extension of time and a second deadline that included a warning of potential citation for contempt.
In August 2010, the ODC’s screening counsel directed respondent to return Mr. Sloan’s file to him. In September 2010, Mr. Sloan advised the ODC that he had not heard from respondent. Respondent’s failure to respond necessitated the issuance of a subpoena to obtain his sworn statement, which was taken on January 4, 2011.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.2 (scope of the representation), 1.3, 1.4, 5.5 (engaging in the unauthorized practice of law), 8.1(c), and 8.4(a) (violation of the Rules of Professional Conduct).

Hearing Committee Report

After considering the ODC’s deemed admitted submission in ll-DB-108, the hearing committee determined the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. The | f,committee also determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent violated duties owed to his clients, the *1254 public, and the legal profession. The facts suggest that his incompetence, lack of diligence, and failure to communicate were knowing. The misrepresentations he made to his clients and his lack of candor with the court were intentional acts. His failure to cooperate in the disciplinary investigation was knowing. His failure to perform the services for which he was hired jeopardized Mr. Sloan’s freedom.
The committee found the following aggravating factors are present: a prior disciplinary record, multiple offenses, and substantial experience in the practice of law. The committee made no finding concerning mitigating factors.
Under these circumstances, the committee recommended respondent be suspended from the practice of law for two years. Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

12-DB-068

In February 2011, Kimberly and Timothy Smith retained respondent to represent them in a child custody matter, for which they paid him a total of $3,000. After he officially enrolled as counsel, respondent failed to appear for a March 2011 hearing in the matter. Thereafter, the Smiths were unable to contact respondent. In May 2011, they appeared at his office to find him moving, at which time they instructed him to file the proper pleadings in order to move the case forward. In August 2011, when they discovered that no action had been taken, they contacted respondent again and provided him with the same instructions. Mr. Smith indicated that aside from enrolling as counsel, respondent has never filed any motions or pleadings in the matter. Mr. Smith also indicated that in December 2011, respondent issued them a check in the amount of $1,850.
|7In October 2011, the Smiths filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena compelling him to appear on April 10, 2012. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, and 8.1(c).

Hearing Committee Report

After considering the ODC’s deemed admitted submission in 12-DB-068, the hearing committee determined the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. The committee also determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent acted knowingly, if not intentionally. The committee found the following aggravating factors are present: a prior disciplinary record, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. The committee did not find any mitigating factors present.
Under these circumstances, the committee recommended respondent be suspended from the practice of law for two years. Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

12-DB-078

In February 2009, Eric Ardison retained respondent to represent him in criminal matters, paying him $5,000. Mr. Ardison has since made several requests |sto respondent seeking the return of his file, to no avail. Mr. Ardison indicated that this *1255 failure is causing him irreparable harm for purposes of future litigation.
In March 2012, the ODC’s screening counsel directed respondent to return Mr. Ardison’s file to him. In April 2012, Mr. Ardison advised the ODC that he had not heard from respondent. Respondent’s failure to respond necessitated the issuance of a subpoena compelling him to appear on July 2, 2012. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.16 (obligations upon termination of the representation) and 8.1(c).

Hearing Committee Report

After considering the ODC’s deemed admitted submission in 12-DB-078, the hearing committee determined the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. The committee also determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent acted negligently, if not knowingly, in failing to communicate with Mr. Ardison and in failing to return his file. He acted intentionally in failing to cooperate with the ODC. The committee found the following aggravating factors are present: a prior disciplinary record, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. The committee did not find any mitigating factors present.
Under these circumstances, the committee recommended respondent be suspended from the practice of law for two years. Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

J¿1-DB-0I5 & ll-DB-108 & 12-DB-068 & 12-DB-078

Disciplinary Board Recommendation

After reviewing these consolidated matters, the disciplinary board determined the factual findings of the hearing committees are supported by the deemed admitted factual allegations and/or by the evidence submitted in support of the allegations. The board also determined the committees correctly applied the Rules of Professional Conduct.
The board determined respondent knowingly, if not intentionally, violated duties owed to his clients and the legal profession. He caused harm to his clients by failing to pursue their legal matters, failing to communicate with them, and failing to return their files upon demand. He caused harm to the legal profession by failing to cooperate with the ODC’s investigation of these matters, which caused the ODC to expend additional resources. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is suspension.
The board found the following aggravating factors are supported by the record: a prior disciplinary record, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1985). The board found that the only mitigating factor present is delay in the disciplinary proceeding (as to the substantive misconduct in ll-DB-108 only).
Turning to the issue of an appropriate sanction, the board determined that be *1256 cause respondent’s substantive misconduct in ll-DB-108 occurred during the same time period (between 1995 and 1996) as the misconduct subject of Hollis I and Hollis II, the approach used in Chatelain is applicable to the substantive misconduct in that matter. The board also determined that the substantive |inmisconduct in ll-DB-108 was adequately addressed by the sanction imposed in Hollis I and Hollis II,[3] while the failure to cooperate violation should be considered separately, having occurred long after the substantive misconduct.
Considering the remaining multiple instances of misconduct, the board recommended respondent be disbarred. The board also recommended that respondent pay restitution to Ms. Anderson, Mr. Rambo, and Mr. and Mrs. Smith. The board further recommended he be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC |nseeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this consolidated matter indicate that respondent failed to provide competent representation to his clients, neglected legal matters, failed to communicate with clients, engaged in the unauthorized practice of law, abandoned his law practice without protecting the interests of his clients, and failed to cooperate with the ODC in its investigations. Based on these facts, respondent has violated the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, *1257 preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent violated duties owed to his clients and the legal profession. His misconduct was at least knowing, if not intentional, and caused harm to his clients and to the disciplinary system. The ABA’s Standards for Imposing Lawyer Sanctions establish suspension as the baseline sanction. The record supports the aggravating and mitigating factors found by the board.
Turning to the issue of an appropriate sanction, we note the substantive misconduct in ll-DB-108 occurred between 2005 and 2006, during the general time period in which the substantive misconduct in Hollis I and Hollis II occurred. 112Based on our decision in Chatelain, we agree that the substantive misconduct in ll-DB-108 should be considered along with the misconduct in Hollis I and Hollis II. Therefore, no additional discipline is necessary for this misconduct.
As for the remaining misconduct, we note that in In re: Turissini, 06-0172 (La.4/24/06), 927 So.2d 1105, we disbarred an attorney, with prior discipline for similar misconduct, who failed to communicate with a client, neglected legal matters, and failed to cooperate with the ODC in its investigation. In determining a sanction, we recognized the presence of numerous aggravating factors, including: a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, ■vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. As in Tu-rissini, several significant aggravating factors are present in the instant case, most notably respondent’s prior disciplinary record involving misconduct identical to that at issue in this proceeding.
Considering the numerous aggravating factors present, respondent’s prior disciplinary record in particular, and the fact that he has not satisfied the professional obligations he owed to his clients, we cannot say disbarment is inappropriate.
Accordingly, we will adopt the board’s recommendation and disbar respondent. We will also order respondent to make restitution to his victims.
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Anthony Hollis, Louisiana Bar Roll number 16974, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law |isin the State of Louisiana shall be revoked. It is further ordered that respondent make restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. See Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991) (when a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously).

. In his report and recommendation, Judge Hornsby stated: "Mr. Hollis had, at the relevant time, a terrible track record for communicating with his clients, responding to written requests or demands from bar officials, and even attending to the simple matters required to ensure his eligibility to practice law,” and that "[t]he combination of that history, Hollis’s lack of recollection of communicating the offer, the absence of any other evidence the offer was communicated, and the testimony from [Mr. Sloan] and his mother suffice to meet [Mr. Sloan’s] burden on this point.”

. The board stated: "Given the presence of several mitigating factors in Hollis I and Hollis II, it is unlikely the Court would have imposed a harsher sanction if it had considered the facts of ll-DB-108 with Hollis I and Hollis II.” The mitigating factors in Hollis I include: absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems (respondent was in substance abuse recovery at the time he was retained by the complainants), "willingness to acknowledge the wrongful nature of his conduct,” and remorse "albeit belated.” The mitigating factors in Hollis II include: absence of a dishonest or selfish motive, a cooperative attitude toward the proceedings, and remorse.