*111 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM.
| jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Anthony Hollis, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s *112 prior disciplinary history. Respondent was originally admitted to the practice of law in Louisiana in 1985. He was admonished in 1994 and 1998 for failing to cooperate with the ODC. In 1998, we suspended respondent from the practice of law for a period of one year based on his failure to provide competent and diligent representation to clients, failure to communicate with clients, failure to account for or refund unearned fees, failure to cooperate in a disciplinary investigation, and failure to comply with a subpoena issued by a tribunal. In re: Hollis, 98-0444 (La.6/19/98), 714 So.2d 693 (“Hollis I”). In 2001, we considered a disciplinary proceeding involving respondent’s failure to provide competent and diligent representation to clients, failure to communicate with clients, failure to account for or refund unearned fees, lack of candor, unauthorized practice of law, and failure to cooperate in a disciplinary investigation, among other misconduct. As much of the misconduct occurred within the same time frame as the misconduct Rat issue in Hollis I,[1] we imposed a fully deferred one-year suspension so as not to require respondent to serve an additional period of actual suspension. In re: Hollis, 01-2127 (La.10/17/01), 797 So.2d 663 (“Hollis II”). Finally, in 2014, we disbarred respondent for failing to provide competent representation to his clients, neglecting legal matters, failing to communicate with clients, engaging in the unauthorized practice of law, abandoning his law practice without protecting the interests of his clients, and failing to cooperate with the ODC in its investigations. In re: Hollis, 13-2667 (La.2/7/14), 132 So.3d 1250 (“Hollis III”).
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES

The Foster Matter

In 2004, Roland Foster hired respondent to represent him in a criminal matter. Thereafter, respondent was ineffective as Mr. Foster’s counsel because he failed to communicate the prosecution’s plea offer to Mr. Foster. Respondent also failed to return Mr. Foster’s complete client file as Mr. Foster requested.
In November 2012, Mr. Foster filed a disciplinary complaint against respondent. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena compelling respondent to appear and produce his client’s file. Respondent appeared to provide a sworn statement on February 13, 2013 but did not produce Mr. Foster’s file. Respondent indicated that he has been unable to locate the file since moving offices in 2011.
| oThe ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15 (safekeeping property of clients or third persons), 1.16 (declining or terminating the representation of a client), and 8.1(c) (failure to cooperate with the ODC in its investigation).

The Domestic Violence Matter

During the course of an unrelated investigation, the ODC learned of respondent’s 2013 arrest for a 2007 incident of domestic violence involving his former girlfriend, Janie Coutee. During respondent’s February 23, 2013 sworn statement to the ODC, he admitted grabbing Ms. Coutee and *113 throwing her on a bed; however, he claimed not to recall choking her as the police report stated. The charges were apparently disposed of following respondent’s completion of a pre-trial diversion program and an anger management course. Respondent was asked to provide a written response regarding the incident, but he failed to do so.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer).

The Pickens Matter

In May 2013, Janice Pickens filed a disciplinary complaint against respondent. Ms. Pickens indicated that she paid respondent $2,500 to handle two combined succession matters,[2] but respondent never closed the successions and failed to return any of her telephone calls.
Ms. Pickens also stated in her complaint that once she finally made contact with respondent’s office, she was told she would need to pay a $150 filing fee. 14Several months later, she called respondent’s office again and was advised the documents in question were never filed because her check for the filing fee was returned for non-sufficient funds. She was not advised of this prior to her telephone call to the office. According to Ms. Pickens, although she issued the check for $150, the check presented to the bank had been altered to reflect an amount of $1,500.[3] Her attempts to get the original check back from respondent were unsuccessful.
The ODC mailed notice of Ms. Pickens’ complaint to respondent and requested a response. The notice was delivered to respondent’s primary bar registration address on May 31, 2013, but nevertheless, respondent failed to respond.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 8.1(c), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
DISCIPLINARY PROCEEDINGS
In May 2014, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but | fithe parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations in *114 the formal charges are deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as charged.
In recommending a sanction, the committee considered the following:
Respondent, during the period when the allegations occurred, was already under investigation for actions which ultimately resulted in his disbarment on February 7, 2014. The instant allegations occurred from 2011 through 2013, up to the date of disbarment. These allegations are simply additional matters involving serious misconduct, and involve very serious instances of professional misconduct, deceit, fraud, personal failures of a serious nature, and criminal actions which may well result in prosecution and felony conviction. The hearing committee is wholly without any reply, explanation, evidence, or testimony to discount or mitigate the allegations.
In light of the above, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings are supported by the deemed admitted factual allegations in the formal charges and/or by the evidence submitted in support of the allegations. | (¡Based on these facts and evidence, the board determined'that the committee correctly applied the Rules of Professional Conduct with the exception of Rules 8.4(b), 8.4(c), and 8.4(d) in the Pickens matter.
Referencing In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715, wherein we held that, in deemed admitted matters, the factual allegations in the formal charges must support the alleged rule violations, and if not, the ODC must submit additional evidence in order to prove the rule violations, the board noted that the formal charges in the Pickens matter suggest, but do not allege, that respondent altered Ms. Pickens’ $150 check. Thus, the board determined these deemed admitted factual allegations do not support the legal conclusion that respondent violated Rules 8.4(b), 8.4(c), and 8.4(d) of the Rules of Professional Conduct as charged. Likewise, the additional evidence submitted by the ODC does not satisfy the ODC’s burden of proof because, other than Ms. Pickens’ allegations in her disciplinary complaint, there is no evidence to suggest or prove respondent altered the check. While the board was very troubled by the erroneous deposit and respondent’s failure to resolve the issue with Ms. Pickens, the evidence does not support a finding that respondent altered or directed someone else to alter the check.
The board then determined that respondent knowingly, if not intentionally, violated duties owed to his clients, the public, and the legal profession. He caused potential, if not actual, harm to Mr. Foster by losing his file, actual harm to Ms. Cou-tee by inflicting a battery upon her, and actual harm to Ms. Pickens by failing to diligently pursue and complete the succession matters. He also harmed the legal profession by causing the ODC to expend additional resources in its investigation of these matters. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
|7In aggravation, the board found a prior disciplinary record, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by in *115 tentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 1985), and illegal conduct. The board found no mitigating factors present.
Turning to the issue of an appropriate sanction, the board considered the case of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), wherein we observed that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. Noting the misconduct in the instant matter occurred between 2007 and 2013 and the misconduct in Hollis III occurred between 2002 and 2012, the board determined that, based on Chatelain, the misconduct in this matter must be considered with the misconduct subject of Hollis III, in which respondent was disbarred. The board concluded that, had we considered the misconduct in this matter with the misconduct in Hollis III, we still would have disbarred respondent.
Accordingly, the board recommended that respondent be adjudged guilty of ad-' ditional rule violations to be considered when and if he seeks readmission to the practice of law.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has Rbeen proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Doman, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent failed to return a client’s complete file, engaged in criminal conduct, neglected a legal matter, failed to communicate with a client, and failed to cooperate with the ODC in its investigations. Accordingly, respondent violated the Rules of Professional Conduct as found by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
*116 | nThe record further supports a finding that respondent knowingly, if not intentionally, violated duties owed to his clients, the public, and the legal profession, causing potential and actual harm. The baseline sanction for this type of misconduct is suspension. The aggravating factors found by the board are supported by the record. There are no mitigating factors present.
Turning to the issue of an appropriate sanction, we agree with the board that, based on the case of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), the misconduct in the instant matter should be considered along with the misconduct in Hollis III. We also agree that the combined misconduct would warrant no more than disbarment as was imposed in Hollis III.
Accordingly, we will adopt the board’s recommendation and adjudge respondent guilty of additional rule violations to be considered when and if he applies for readmission to the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Anthony Hollis, Louisiana Bar Roll number 16974, be and he hereby is adjudged guilty of additional violations warranting discipline, which shall be considered in the event he seeks readmission after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1,. with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. See Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991) (when a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously).

. The record indicates that Ms. Pickens hired respondent in December 2010.

. With her complaint, Ms. Pickens attached the following documentation: (1) a receipt for $150 from respondent’s office, (2) a carbon copy of check number 8574 for $150 issued to respondent on January 25, 2013, and (3) a partial copy of her bank statement which indicates that check number 8574 in the amount of $1,500 was presented for payment on January 29, 2013, causing her account to become overdrawn.