PER CURIAM
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Anthony Hollis, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was originally admitted to the practice of law in Louisiana in 1985. He was admonished in 1994 and 1998 for failing to cooperate with the ODC. In 1998, this court suspended respondent from the practice of law for a period of one year based on his failure to provide competent and diligent representation to clients, failure to communicate with clients, failure to account for or refund unearned fees, failure to cooperate in a disciplinary investigation, and failure to comply with a subpoena issued by a tribunal. In re: Hollis, 98-0444 (La. 6/19/98), 714 So.2d 693 (“Hollis I”). In 2001, the court considered a disciplinary proceeding involving respondent’s failure to provide competent and diligent representation to clients, failure to communicate with clients, failure to account for or refund unearned fees, lack of candor, unauthorized practice of law, and failure to cooperate in a disciplinary investigation, among other misconduct. As much of the misconduct occurred within the same time frame as the misconduct at issue in Hollis I, the court 12imposed a fully deferred one-year suspension so as not to require respondent to serve an additional period of actual suspension. In re: Hollis, 01-2127 (La. 10/17/01), 797 So.2d 663 (“Hollis II”).
In 2014, the court disbarred respondent for failing to provide competent representation to his clients, neglecting legal matters, failing to coikmunicate with clients, engaging in the unauthorized practice, of law, abandoning his law practice without protecting the interests of his clients, and failing to cooperate with the ODC in its investigations. In re: Hollis, 13-2667 (La. 2/7/14), 132 So.3d 1250 (“Hollis III”). Finally, in 2015, the court considered a disciplinary proceeding involving respondent’s failure to return a client’s complete file, commission of criminal conduct (domestic violence), neglect of a legal matter, failure to communicate with a client, and failure to cooperate with the ODC in its investigations. As much of the misconduct occurred within the same time frame as the misconduct at issue in Hollis III, the court adjudged respondent guilty of additional rule violations to be considered when and if he seeks readmission to the practice of law. In re: Hollis, 15-0876 (La. 8/28/15), 177 So.3d 110 {“Hollis IV”).
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES
In August 2013, Jerome Tuiel hired respondent to represent him in an action for damages arising from an automobile accident. At respondent’s direction, Mr. Tuiel pursued treatment with several doctors. Mr. Tuiel was led to believe that all necessary steps were being taken, but respondent never filed suit on his behalf. In October 2014, respondent advised Mr. Tuiel that the suit was never filed. As a result of respondent’s inaction, Mr. Tuiel, whose only source of income is disability benefits, was left with many unpaid medical bills.
UThe ODC sent' notice of the investigation to respondent via certified mail on November 13, 2014. Despite receiving this *894 correspondence on November 21, 2014, respondent did not respond.
In May 2015, an ODC investigator interviewed Mr. Tuiel about the representation. He learned that Mr. Tuiel had been represented by respondent in other matters, and that after the passage of some time, Mr. Tuiel was unable to reach respondent to discuss the status of this case. Mr. Tuiel indicated that he attempted to talk with the insurer about the case, but the insurer declined to speak with him for the reason that Mr. Tuiel was purportedly being represented by respondent. By the time Mr. Tuiel advised the insurer that respondent no longer represented him, the cause of action had prescribed. Mr. Tuiel did not seek new counsel thereafter.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).,
DISCIPLINARY PROCEEDINGS
In July 2015, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained thei-ein were deemed admitted and proven by clear and convincing evidence pürsuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written 1 ¿arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual - allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as charged.
The committee determined that respondent acted knowingly, if not intentionally. The committee noted that the nature of this charge and the findings of fact, together with the apparent pattern of re-i spondent’s complete inaction, indicate serious flaws in judgment. The committee also found respondent’s prior disbarment to be “a significant issue.”
In aggravation, the committee found a prior disciplinary record, a pattern of misconduct, and substantial experience in the practice of law (admitted 1985). The committee found that no mitigating factor's are supported by the record.
After considering the uncontested charges, the findings of fact, and the previous disbarment, the committee recommended respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings are supported by the. deemed admitted factual allegations in the formal charges and/or by the evidence submitted in support of the allegations. |BBased on these facts and. evidence, the board determined that the committee correctly applied the Rules of Professional Conduct.
The board determined that respondent knowingly, if not intentionally, violated a duty owed, to his client and the legal profession. When Mr. Tuiel requested updates *895 about the status of his legal matter, respondent led him to believe that the matter was progressing. His deception and neglect of the matter caused significant harm because it resulted in the matter prescribing. His failure to cooperate with the ODC’s investigation of this matter caused that office to expend additional resources. After considering the ABA’s Standards for Imposing Lmvyer Sanctions, the board determined that the baseline sanction is suspension.
In aggravation, the board found a prior disciplinary record, a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. The board found that no mitigating factors are supported by the record.
Turning to the issue of an appropriate sanction, the board considered the case of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La. 1991), wherein the court observed that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. Noting the misconduct in the instant matter occurred between 2013 and 2014 and the misconduct in Hollis III and Hollis IV occurred between 2002 and 2013, the board determined that, based on Chatelain, the misconduct in this matter must be considered with the misconduct subject of Hollis III and Hollis TV. The board concluded that, had the court considered the misconduct in this matter with the misconduct in Hollis III and Hollis TV, it still would have. disbarred respondent.
. | (-.Accordingly, the board recommended that respondent be adjudged guilty of additional rale violations to be considered when and if he seeks readmission to the practice of law. The board also recommended that respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion .the ODC seeks to prove (i,e., a violation: of a specific rule) is not readily apparent from .the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent-neglected a legal matter, allowing -the claim to prescribe, and misled his client regarding the status of the matter. Respondent also failed to cooperate with the |7OPC in its investigation of the complaint filed against him. Based on these facts, *896 respondent has violated the Rules of Professional Conduct- as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
The record further supports a finding that respondent knowingly, if not intentionally, violated duties owed to his client and the legal profession, causing significant actual harm. The baseline sanction for this type of misconduct is suspension.
Several aggravating factors are present, including a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience- in the practice of law. We agree with the hearing committee and the disciplinary board that no mitigating factors are present.
Turning to the issue of an appropriate sanction, we agree with the board that, based on Chatelain, the misconduct in the instant matter should be considered along with the misconduct in Hollis III and Hollis TV. We also agree that the combined misconduct would warrant disbarment, as was imposed in Hollis III.
^Accordingly, we will adopt the board’s recommendation and adjudge respondent guilty of additional rule violations to be considered when and if he applies for readmission to the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Anthony Hollis, Louisiana Bar Roll number 16974, be and he hereby is adjudged guilty of additional violations warranting discipline, which shall be considered in the event he seeks readmission after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.